IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDRE T. CARR, | | |
| | Plaintiff, | No. 2:11-cv-2288 MCE DAD (PC) |
| vs. | | |
| MATTHEW CATE, | | |
| | Defendant. | <u>ORDER</u> |
| _____/ | | |

   Plaintiff, a state prisoner proceeding pro se, has filed a civil action on a form civil rights complaint pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff has not filed an in forma pauperis affidavit or paid the required filing fee. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
2  U.S.C. § 1915A(b)(1),(2).
3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.
10       The only defendant named in this action is Matthew Cate, Plaintiff names as the
11 sole defendant in this action Matthew Cate, Secretary of the California Department of
12 Corrections and Rehabilitation.  Plaintiff's complaint contains the following allegations:

> On August 10, 2011, Matthew Cate, Director of Corrections, fail [sic] to release plaintiff from incarceration after 14 year 4 month [sic] in prison, the maximum sentence under the law, Cunningham. I was convicted of two count of att murder 2nd one count of use F'arm PC 12022.5.  In which I received the base term, upper 9/00 + enhcmts 13/04=tot term 22/04 for a maximum release date of 8/10/2019.  However under Cunningham the middle term of 7/00 + enhcmts 7/04=tot 14/04 is the maximum that plaintiff can received [sic].  Thus after the U.S. Supreme Court in January 2007 decided that California determinate sentencing law is unconstitutional, Matthew Cate, by neglect or gross neglect failed to follow CDCR protocol and file a petition for writ of mandate with the court to correct plaintiff sentence.

20 Complaint, filed August 29, 2011, at 3.  Plaintiff seeks injunctive relief and money damages.
21       In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held
22 that a suit for damages on a civil rights claim concerning an allegedly unconstitutional
23 conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence
24 has been reversed on direct appeal, expunged by executive order, declared invalid by a state
25 tribunal authorized to make such determination, or called into question by a federal court's
26 issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.

1    Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. This court finds that plaintiff's action implicates the validity of plaintiff's conviction, and that plaintiff has not shown that the conviction has been invalidated. Accordingly, this action is subject to dismissal without prejudice. See Heck v. Humphrey, 512 U.S. at 486-87.

   As noted above, plaintiff has neither paid the $350.00 filing fee for this action nor filed an application to proceed in forma pauperis and will be given a period of thirty days in which to do so. Plaintiff may, during the same thirty days period, file a request for voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a). Failure to respond to this order will result in a recommendation that this action be dismissed without prejudice.

   In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted thirty days from the date of this order in which either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee. Within that same period, plaintiff may file a request for voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a).

DATED: October 3, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
carr2288.14

3