IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE T. CARR,

      Plaintiff,                           No. 2:11-cv-2288 MCE DAD (PC)

    vs.

MATTHEW CATE,                        ORDER AND

      Defendant.                    FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil action on a form civil rights complaint pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        By order filed October 4, 2011, plaintiff was granted thirty days in which to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee. Plaintiff was also granted thirty days in which to file a request for voluntary dismissal of this action.

        On October 18, 2011, plaintiff filed a motion for an extension of time to comply with the October 4, 2011 order. On October 31, 2011, plaintiff timely filed a motion to proceed

/////

/////

1

in forma pauperis.  Accordingly, plaintiff's October 18, 2011 motion for extension of time will be denied as unnecessary.[1]

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

---

[1] In the October 18, 2011 motion, plaintiff states that he will not request voluntary dismissal of this action and that he "will be putting this court on notice" that he will request recusal of the undersigned.  No separate motion to recuse has been filed by plaintiff.  This court finds no basis for recusing itself from this action.  Cf. 28 U.S.C. § 455.

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

Plaintiff names as the sole defendant in this action Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation. Plaintiff's complaint contains the following allegations:

> On August 10, 2011, Matthew Cate, Director of Corrections, fail [sic] to release plaintiff from incarceration after 14 year 4 month [sic] in prison, the maximum sentence under the law, Cunningham. I was convicted of two count of att murder 2nd one count of use F'arm PC 12022.5. In which I received the base term, upper 9/00 + enhcmts 13/04=tot term 22/04 for a maximum release date of 8/10/2019. However under Cunningham the middle term of 7/00 + enhcmts 7/04=tot 14/04 is the maximum that plaintiff can received [sic]. Thus after the U.S. Supreme Court in January 2007 decided that California determinate sentencing law is unconstitutional, Matthew Cate, by neglect or gross neglect failed to follow CDCR protocol and file a petition for writ of mandate with the court to correct plaintiff sentence.

Complaint, filed August 29, 2011, at 3. Plaintiff seeks injunctive relief and money damages.

As plaintiff was informed in the court's October 4, 2011 order, in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck</u>, 512 U.S. at 486.

Under <u>Heck</u>, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. <u>Id</u>. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. This court finds that plaintiff's action implicates the validity of his conviction,

/////

3

and that plaintiff has not shown that the conviction has been invalidated.  Accordingly, this action must be dismissed without prejudice.  See Heck v. Humphrey, 512 U.S. at 486-87.

On August 29, 2011 and November 23, 2011, plaintiff filed motions for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's motions for appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 18, 2011 motion for extension of time (Doc. No. 8) is denied as unnecessary.

2. Plaintiff's October 31, 2011 motion for leave to proceed in forma pauperis (Doc. No. 9) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's August 29, 2011 and November 23, 2011 motions for appointment of counsel (Doc. Nos. 2 and 10) is denied.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.  See Heck v. Humphrey, 512 U.S. at 486-87.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
carr2288.dm